### ´The B., C. R. & M. R. Co. v. Palmer.

1. **Contract**: RAILWAY SUBSCRIPTION. An agreement between the plaintiff and the citizens of V. stipulated that certain subscription notes should remain in the hands of W. until a certain designated right of way had been secured, when the notes should be ''turned over'' to plaintiff, who thereupon should enter into an absolute contract for the construction of an extension of its line upon certain specified conditions, and that it would not locate a depot on such extension within seven miles of V.: *Held*,

    1. That W. was authorized, without further direction from the parties, to deliver the notes to plaintiff.

    2. That a failure to incorporate in the last contract the condition respecting the location of the depot, would not constitute a defense to an action upon one of the subscription notes, when in fact the condition had been complied with by plaintiff.

2. ———: FALSE REPRESENTATIONS. False representations made by one of the parties to a contract, not relied upon by the other as an inducement thereto, cannot be pleaded by the latter in defense to an action for its enforcement.

*Appeal from Benton District Court.*

THURSDAY, DECEMBER 16.

ACTION upon a promissory note. The cause was sent to a referee, and upon his report judgment was rendered for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*R. St. Clair* and *Rush Clark*, for appellant.

A committee having been entrusted with the notes, a single member of it was not authorized to deliver them to plaintiff. (*Hubbard v. Ger. Cath. Cong.*, 34 Iowa, 36; *Kupfer v. South Parish*, 12 Mass., 189; Hill on Trustees, 305.) The committee being invested with a joint trusteeship, their act could not be ratified by the assent or silence of its individual members. (*Taylor v. Dist. Tp.*, etc., 25 Iowa, 451.) The ratification not proceeding from the subscribers themselves, they are not estopped. (*The Burlington, etc. v. Boestler*, 15 Iowa, 555; *Sin-*

*nett v. Moles*, 38 Id., 32.) Delivery by the depositary before or in the absence of the performance of condition does not give the contract effect or transfer the title from the promisor. (2 Wash. Real Prop., 586; *Couch v. Meeker*, 2 Conn., 304.) The condition that a depot should not be erected within seven miles of Vinton was such as the defendant had the right to insist should be embraced in the contract before the notes were delivered. (*Thompson v. Oliver*, 18 Iowa, 417.) If defendant was induced to subscribe by representations of plaintiff as to its own situation, which were relied on and were false in fact, such false representations will defeat the subscription. (2 Pars. on Con., 5 ed., p. 778; *Shaeffer v. Slade*, 7 Blackf., 178.) If the representations were false within the knowledge of the party making them, it amounts to fraud. (*Mitchell v. Moore*, 24 Iowa, 396.) If the fraud be such that, had it not been practiced, the contract would not have been made or obligation incurred, it is material. (2 Pars. on Con., 5 ed., p. 770.) The contract tends to injuriously affect public interest in securing the fittest location for the termination of the road and is, therefore, void as against public policy. (*Fuller v. Dame*, 18 Pick., 482.

*Traer & Burnham* and *A. S. Belt*, for appellee.

The knowledge by the subscribers that the railway company was in possession of their notes and that the road was being built by the company relying upon their payment, without objection to the delivery until after the completion of the road, estops them now to question the validity of the delivery. (*Smith v. Hallett*, 34 Ind., 519; *Zabriskie v. C. C. & C. R. Co.*, 23 How., 381; *Mahaska Co. v. D. V. R. Co.*, 28 Iowa, 437; *State v. Van Horn*, 7 Ohio St., 327; *Chapman & Harkness v. M. R. R.*, 6 Ohio St., 119.) The fraud complained of must work an actual injury to defeat the contract. (2 Pars. on Con., 5 ed., p. 771; *Bell v. Byerson & Barlow*, 11 Iowa, 233.) False representations concerning a matter equally within the knowledge of both parties will not operate to render a contract void. (2 Pars., p. 773.) If the truth or falsehood of the representations might have been tested by ordi-

nary diligence or attention, the party is remediless if he fail to do so. (*Moore v. Turbeville*, 2 Bibb., 602; *Fulton v. Hood*, 34 Pa. St., 365.) A question not raised in the court below will not be considered here. (*Starry v. Starry*, 21 Iowa, 254.)

BECK, J.—The instrument sued on is in these words:

"$400.00.                VINTON, IOWA, December 19, 1871.

"In consideration of the building of the Liscomb branch of the Burlington, Cedar Rapids & Minnesota Railway, from the city of Vinton westerly, and for value received, I promise to pay to said railway company or order four hundred dollars, payable at Vinton, when the iron is laid, and the cars running on said branch road to the west line of Benton county, with ten per cent interest after maturity, provided said road is completed in two years from date.          T. S. PALMER."

The answer of the defendant to the petition is very long. It presents these defenses: 1. The instrument sued upon was never delivered to plaintiff. 2. The plaintiff has failed to perform its contracts which were the inducement and consideration for the obligation sued upon. 3. The instrument in suit was obtained by fraud.

I. It appears that defendant, and many other citizens of Vinton, were desirous of procuring the construction of the railroad named in the instrument sued upon, so that it would leave the main line at their town. After the usual public meetings and consultations of the citizens, a committee waited upon George Greene, the president of plaintiff, for the purpose of securing their object. The result of the interview with him was the execution of the following agreement by the railroad president and the committee of citizen:

"This agreement, made at Cedar Rapids, Iowa, this 15th day of April, 1872, witnesseth: that Samuel H. Watson and others, of Vinton, Benton county, Iowa, whose names are hereto subscribed, representing the citizens of said city of Vinton, agree with the Burlington, Cedar Rapids & Minne-

sota Railway Company: That said citizens of Vinton, through their said committee, will turn over and transfer to said railway company certain subscription notes and contracts now in their possession, and given as aid for the construction of a branch of said railway from Vinton westward, and known as the western extension of said B., C. R. & M. R'y, said subscription, etc., amounting to or about $18,000.00, and that said citizens of Vinton will also within fifteen (15) days from this date secure for said railway company the right of way for said western extension from its point of divergence at Vinton to the east line of Monroe township, in said county of Benton, free of charge and cost to said railway company. And in consideration thereof the said B., C. R. & M. R'y Co. hereby agrees that said western extension shall start from Vinton and diverge from their present main line at that point, and that said western extension shall be constructed and put in operation as a railway from Vinton to and as far westward as the west line of said county of Benton, on or before the first day of January, eighteen hundred and seventy-three (1873). It is further agreed that said subscription and contracts shall remain in the hands of said Samuel H. Watson until they are finally turned over, under this contract, and when so turned over and right of way is thus furnished, and at the time said subscriptions, etc., are so turned over, the said B., C. R. & M. R'y Co. will enter into a formal and absolute agreement to so construct said western extension as hereinbefore specified. The said railway company further agree, and will so provide in such further contract, that they will not locate a depot at any point on said western extension within seven miles west of the present depot at Vinton, aforesaid. They further agree to furnish the necessary engineering work on said line from Vinton promptly, so that the line may be understood with reference to procuring right of way.

"In witness whereof, the said B., C. R. & M. R'y Co. have caused these presents to be signed by its President and countersigned by its Secretary, and its corporate seal to be hereto affixed. And said Samuel H. Watson and others, a committee appointed by and representing said city of Vinton, have

hereto subscribed their names, the day and year first above
written.                              B., C. R. & M. R'y Co.,
ATTEST:                        *By* GEORGE GREENE, *President.*
    D. W. ROWLEY, *Secretary.*

                                    SAMUEL H. WATSON,
                                    *and others, Committee."*

Pursuant to this agreement, the committee of citizens or
others having possession of " the subscriptions and contracts "
contemplated in the agreement, delivered them into the hands
of the person named in the foregoing instrument.    Defend-
ant's obligation sued upon was one of them.    No question is
raised as to the authority of that person to receive the notes, or
as to their delivery to him upon proper authority.

Subsequently, Watson, who held the contracts and notes,
delivered them to plaintiff, and thereupon the following
instrument was executed and delivered by the plaintiff:

"For and in consideration of about nineteen thousand dol-
lars, in individual subscriptions of sundry citizens of Vinton,
in Benton county, Iowa, and of their agreement to furnish
the right of way free of cost to the Burlington, Cedar Rapids
& Minnesota Railway Company, through Taylor and Jackson
townships, in said county, the said railway company hereby
contract with Samuel H. Watson, Geo. Horridge, and S. A.
Knapp, in trust for the said citizens of Vinton aforesaid, as
follows, to-wit:    That they will locate, construct, and have in
operation the Liscomb branch of said railway company from
the said city of Vinton westwardly to the west line of said
county of Benton, by the 31st day of December, 1872.

In witness whereof, the said railway company, by its Presi-
dent, has hereto set its hand, this 11th day of May, 1872.

        BURLINGTON, CEDAR RAPIDS & MINNESOTA R'y Co.,
                        *By* GEORGE GREENE, *President."*

II.   It is now insisted that the delivery by Watson to
plaintiff was unauthorized:   1st. Because the committee did

1. CONTRACT: not authorize it.   2d.  Because plaintiff did not
railway sub-
scription.      make and deliver a contract for the completion of
the road containing the stipulation provided for.

1. We fail to find anything in the first agreement giving the committee any authority to assent or dissent from the act of Watson in "turning over" the obligations. It is nowhere stipulated that the committee had anything to do with that matter. The obligations were left with Watson to be "turned over" by him, of course, for no other person could "turn them over"; he held them and must have been charged with that duty. It is nowhere said that his act was to be done upon the direction of the committee, citizens or parties executing the notes. We must presume that he had authority to "turn over" the notes.

2. But it is urged that the last contract fails to contain the clause stipulated for in the first, that there should be no station within seven miles of Vinton, and, therefore, the delivery by Watson did not convey property in the notes to plaintiff, because it was not done in pursuance of the agreement under which he held the instruments. But plaintiff is bound upon the first contract in regard to the station, just as it would be were the clause incorporated in the second. It has completed the railroad the distance provided for in the contract; no objection was raised by defendant or any other one, during the progress of the work, while plaintiff was making outlays, on account of the absence of the stipulation; there has been no station established within seven miles of Vinton; the second contract was accepted by the person who was authorized to receive it, and it does not appear that plaintiff has ever refused, upon demand made, to execute such an obligation as is required in the first agreement. Under these circumstances the law will not subject the defendant to the loss of the obligations in question for a non-compliance with the stipulation which has wrought defendant no prejudice; it will rather presume, from the facts above stated, that defendant has waived its performance.

III. The foregoing contract, and the note sued upon, it is insisted, are void because procured by fraud on the part of the president and other officers of the defendant.

The people of Vinton, it appears, were desirous of inducing another railroad to build its line to and beyond their town

and, prior to the negotiation with defendant, had voted a five per cent tax in aid of such project. It was expected that this road would be a competing line against plaintiff's. It is insisted that the officers of plaintiff deceived and defrauded the people of Vinton by inducing the committee of citizens conferring with those officers to believe that the railroad company, which it was hoped would build the competing line, had bound itself to use the track of plaintiff's road in order to reach Vinton, and had abandoned the intention of building an independent line to that place. The representations of the officers of plaintiff are set out at great length in the pleadings and evidence. We are of the opinion that the defendant has failed to establish such fraudulent misrepresentations as will defeat plaintiff's right to recover.

2. ———: false representations.

It may be admitted that such representations as are charged were made, and that they were untrue. But it clearly appears that a committee of citizens visited the officials of this corporation that was expected to build the competing line of road, and were advised that they had not abandoned it, and the agreement made by them to use plaintiff's track was on their part optional. This, and other evidence in the case, satisfies us that the committee making the agreement above set out did not rely upon the alleged false representations, that they did ascertain the facts for themselves, or rather the facts did become known to them, and they acted in the matter with a full knowledge of the truth.

IV. It appears, and the fact is not denied, that the railroad which the plaintiff bound itself to build was completed within the time prescribed in the contract.

V. It is insisted in this court that the contract sued on was made in contravention of public policy, and is therefore void. This question was not raised in the court below; we cannot therefore decide it.

We conclude that the finding of the referee to the effect that the delivery of the note sued upon to plaintiff was sufficient to pass the title thereto, and that no such fraudulent misrepresentations were established by the evidence as will defeat the action, are in harmony with the evidence and the

law. The District Court, therefore, did not err in overruling the exceptions taken by defendant to the report of the referee based upon the ground of the incorrectness of these findings, and in rendering judgment thereon. These rulings are made the grounds of all objection to the judgment urged in this court.

AFFIRMED.